PHILIP E. LERMAN, Chairman, Department of Industry, Labor andHuman Relations
You request my opinion whether the procedures utilized by the Workmen's Compensation Advisory Council and Unemployment Compensation Advisory Council referred to below are in conformity with requirements of the "Open Meeting Law" as set forth in sec. 66.77, Stats., as amended by ch. 297, Laws of 1973.
You state that each council is composed of an equal number of employer and worker representatives and is chaired by an employe of the Department. The Council on Workmen's Compensation has three representatives from casualty insurance companies who are nonvoting members. Each council is required to submit proposals for amendment of the respective chapters, ch. 102 and ch. 108, to each session of the legislature, to give views on pending legislation to the respective committees of the legislature and to advise the Department on the administration of each law. The councils follow the customary procedure of conducting a series of public hearings followed by a series of discussion meetings and a series of negotiating or bargaining sessions. Each of the latter sessions customarily includes a number of recesses during which the worker representative members and the employer representative members meet separately in closed caucuses with each "side" traditionally agreeing on a single position which is *Page 415 
presented to the other, usually leading to an eventual "unanimous" agreement. You state that the chairman provides information and suggestions but never exercises the voting power granted under law and that the representative members do not vote at the meeting of the full council since each "side" has one vote in essence and two votes are required for agreement and action.
It is my opinion that the voting procedures utilized are improper and contrary to law. They deprive members of their individual rights to vote in the governmental body proper. In combination with the separate closed caucuses, the voting procedures deprive individual members and the public from the opportunity to hear the discussion of all members of the governmental body who may wish to exercise their right of discussion and deprive them of the right to know how each member voted on any specific issue. Whereas each council has an equal number of members representative of employers and of employes or workers, the statutes do not contemplate that they constitute "sides" or that members representing such groups should vote as a block. There must be certain issues on which a representative of one group might have good reason for voting in a manner opposed to the desires of the other members representing such group.
Section 15.227 (3), (4), Stats., provides:
 "(3) COUNCIL ON UNEMPLOYMENT COMPENSATION. There is created in the department of industry, labor and human relations a council on unemployment compensation appointed by the industry, labor and human relations commission to consist of an employe of the department of industry, labor and human relations who shall serve as chairman and of one or more representatives of employers and an equal number of representatives of employes.
 "(4) COUNCIL ON WORKMEN'S COMPENSATION. There is created in the department of industry, labor and human relations a council on workmen's compensation appointed by the industry, labor and human relations commission to consist of a member or designated employe of the industry, labor and human relations commission as chairman, 5 representatives of employers and 5 representatives of employes. The commission *Page 416 
shall also appoint 3 representatives of casualty insurance companies as nonvoting members of the council."
Section 102.14 (2), Stats., provides:
 "(2) The council on workmen's compensation shall advise the department in carrying out the purposes of this chapter. Such council shall submit its recommendations with respect to amendments to this chapter to each regular session of the legislature and shall report its views upon any pending bill relating to this chapter to the proper legislative committee."
Section 108.14 (5) (a), (6), Stats., provides in part:
 "(5) (a) The council on unemployment compensation shall advise the department in carrying out the purposes of this chapter. The council shall submit its recommendations with respect to amendments of this chapter to each regular session of the legislature, and shall report its views on any pending bill relating to this chapter to the proper legislative committee.
 "(6) . . . The department, with the advice and aid of any employment councils appointed under sub. (5) (b) and the council on unemployment compensation, shall take all appropriate steps within its means to reduce and prevent unemployment. . . ."
Section 15.09, Stats., is the general statute applicable to councils. It is clear that the power to act is in the full body and that each member, except as otherwise provided by express statute, shall have the right to vote in such body. Whereas the councils here are not created under sec. 15.04 (3), Stats., sec.15.09 (2), Stats., provides that:
 "(2) SELECTION OF OFFICERS. Unless otherwise provided by law, at its first meeting in each year every council shall elect a chairman, vice chairman and secretary from among its members. Any officer may be re-elected to succeed himself. For any council created under the general authority of s. 15.04 (3), the constitutional officer or secretary heading the department or the chief executive officer of the independent agency in which such council is created shall designate an *Page 417 
employe of the department or independent agency to serve as secretary of the council and to be a voting member thereof.
I am of the opinion that the departmental employe designated as chairman of the respective council under sec. 15.227 (3), (4), Stats., not only has the power to vote but, in some cases, such as in case of a tie, may have a duty to vote.
Under sec. 15.09 (3), Stats., a majority of the members may call a meeting of the council. The power to act is in the whole body, not in individual members or in representatives from employers or representatives of employes or workers.
Section 15.09 (4), (5), Stats., provides:
 "(4) QUORUM. A majority of the membership of a council constitutes a quorum to do business, and a majority of a quorum may act in any matter within the jurisdiction of the council.
 "(5) POWERS AND DUTIES. A council shall advise the head of the department or independent agency in which it is created and shall function on a continuing basis for the study, and recommendation of solutions and policy alternatives, of the problems arising in a specified functional area of state government."
Section 66.77, Stats., as amended by ch. 297, Laws of 1974, provides in part:
 "66.77 OPEN MEETINGS OF GOVERNMENTAL BODIES. (1) In recognition of the fact that a representative government of the American type is dependent upon an informed electorate, it is declared to be the policy of this state that the public is entitled to the fullest and most complete information regarding the affairs of government as is compatible with the conduct of governmental affairs and the transaction of governmental business. The intent of this section is that the term `meeting' or `session' as used in this section shall not apply to any social or chance gathering or conference not designed to avoid this section.
"(2) In this section:
"(a) `Closed session' means any meeting not an open session. *Page 418 
 "(b) `Meeting' means the convening of a governmental body in a session such that the body is vested with authority, power, duties or responsibilities not vested in the individual members.
 "(c) `Governmental body' means a state or local agency, board, commission, committee, council or department created by constitution, statute, ordinance, rule or order; a municipal or quasi-municipal corporation; or a formally constituted subunit of any of the foregoing.
 "(d) `Open session' means a meeting which is held in a place reasonably accessible to members of the public, which is open to all citizens at all times, and which has received the public notice required by statute, if any.
 "(e) `Public notice' means statutorily required notice, if any. If no notice is required by statute, it means a communication by the chief presiding officer of a governmental body or his designee, to the public and to the official municipal or city newspaper designated under s. 985.05 or 985.06, or if none exists, then to members of the news media who have filed a written request for such notice, which communication is reasonably likely to apprise members of the public and of the news media of the time, place and subject matter of the meeting at a time, not less than one hour prior to the commencement of such meeting, which affords them a reasonable opportunity to attend.
 "(3) Except as provided in sub. (4), all meetings of governmental bodies shall be open sessions. No discussion of any matter shall be held and no action of any kind, formal or informal, shall be introduced, deliberated upon, or adopted by a governmental body in closed session, except as provided in sub. (4). Any action taken at a meeting held in violation of this section shall be voidable.
 "(4) A governmental body may convene in closed session for purposes of:
 "(a) Deliberating after judicial or quasi-judicial trial or hearing; *Page 419 
 "(b) Considering employment, dismissal, promotion, demotion, compensation, licensing or discipline of any public employe or person licensed by a state board or commission or the investigation of charges against such person, unless an open meeting is requested by the employe or person charged, investigated or otherwise under discussion;
"(c) Probation, parole, crime detection and prevention;
 "(d) Deliberating or negotiating on the purchasing of public property, the investing of public funds, or conducting other public business which for competitive or bargaining reasons require closed sessions;
 "(e) Financial, medical, social or personal histories and disciplinary data which may unduly damage reputations;
 "(f) Conferences between any local government or committee thereof, or administrative body, and its attorney concerning the legal rights and duties of such agency with regard to matters within its jurisdiction.
"(g) Partisan caucuses of members of the state legislature;
 "(h) Transacting the business of the state legislature, pursuant to joint rules or rules of the senate or assembly, which specifically so permit.
 "(5) No motion to hold a closed session or to adjourn an open session into a closed session shall be adopted unless the chief presiding officer announces to those present at the meeting at which such motion is made the general nature of the business to be considered at such closed session, and no other business shall be taken up at such closed session. No governmental body shall commence an open session, subsequently recess into a closed session, and subsequently reconvene into an open session within a 12-hour period, unless public notice of such subsequent open session was given at the same time and in the same manner as the public notice of the initial open meeting.
 "(6) Unless otherwise specifically provided by statute, no secret ballot shall be utilized to determine any election or other decision of a governmental body at any meeting, and any member of such body may require that a vote be taken in such *Page 420 
manner that the vote of each member may be ascertained and recorded.
 "(7) No duly elected or appointed member of a governmental body shall be excluded from any meeting of such body, or from any closed session of a subunit thereof, unless the parent body adopts rules to the contrary.
 "(8) Any member of a governmental body who knowingly attends a meeting of such body at which a violation of this section occurs shall forfeit without reimbursement not more than $200 for each such violation, provided that he shall not be liable if he calls for a vote on whether the body shall take that action constituting such violation, or if he is recorded in the minutes of the body as voting against the action constituting such violation. . . ."
We are dealing with a situation where each council "meets," within the meaning of sec. 66.77 (2) (b), Stats., as a body. Each council is clearly a "governmental body" within the meaning of sec. 66.77 (2) (c), Stats. The public notice required by sec. 66.77 (2) (e), Stats., is a prerequisite to holding such meeting. Even if the representatives of employers and representatives of workers or employes were "formally constituted subunits," the larger governmental body could not adjourn for the purpose of permitting the subunits to meet unless each subunit had given the public notice which is required for each meeting. The respective council could go into executive session of that body only for purposes permitted by sec. 66.77 (4), Stats. Under certain circumstances subsec. (4) (d), Stats., might permit the respective council to go into closed session as a body. Some support for such action can be found in sec. 108.14 (7), Stats., by analogy.
The Open Meeting Law does not prevent a governmental body from adjourning for short periods for reasonable purposes. It is not illegal for members to converse in groups and members may discuss, privately, positions they wish to take on matters to come before the body. I am of the opinion, however, that it is improper for a governmental body other than a house of the state legislature to adjourn for the specific purpose of permitting groups which may have a common interest to go into separate closed caucuses to determine *Page 421 
the manner in which such group shall vote as a block on any given issue.
RWW:DCM:RJV